UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

ERHAN JOHN ER

8:25-CR-424-MSS-LSG

SEP 2 2025 PM8:43
FILED - USDC - FLMD - TPA

Case No.
18 U.S.C. § 933
(Conspiracy to Traffic Firearms)
18 U.S.C. § 933
(Firearms Trafficking)
18 U.S.C. § 554
(Smuggling Goods from the
United States)
18 U.S.C. § 922(a)(6)
(False Statement to a Firearms Dealer)

## INDICTMENT

The Grand Jury charges:

## COUNT ONE
### (Conspiracy to Traffic Firearms)

Beginning on an unknown date, but at least as early as in or June 2022, and

continuing until at least in or around September 2022, in the Middle District of

Florida and elsewhere, the defendant,

### ERHAN JOHN ER,

did knowingly conspire and agree with others known and unknown, to ship,

transport, transfer, cause to be transported, and otherwise dispose of any firearm to

another person, in or otherwise affecting interstate and foreign commerce, knowing

and having reasonable cause to believe that the use, carrying, and possession of a

firearm by the recipient would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

In violation of 18 U.S.C. §§ 933(a)(3) and 933(b).

## COUNT TWO
### (Firearms Trafficking)

Beginning on an unknown date, but at least as early as in or June 2022, and continuing until at least in or around September 2022, in the Middle District of Florida and elsewhere, the defendant,

### ERHAN JOHN ER,

did transport, transfer, cause to be transported, and otherwise dispose of a firearm, that is: two Glock Model 45 pistols, a Glock Model 42 pistol, a Glock Model 30Gen4 pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a Glock Model 26 pistol, a Glock Model 19x pistol, a Glock Model 27 pistol, and a Glock Model 22 pistol, knowing and having reasonable cause to believe that the use, carrying or possession of the recipient would constitute a felony, to wit, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

In violation of 18 U.S.C. §§ 933(a)(1) and 933(b).

## COUNT THREE
### (Smuggling Goods from the United States)

Beginning on or about June 30, 2022, and continuing until on or about July 8, 2022, in the Middle District of Florida and elsewhere, the defendant,

### ERHAN JOHN ER,

did receive; conceal; buy; sell; facilitate the transportation, concealment, and sale of:

two Glock Model 45 pistols, a Glock Model 42 pistol; a Glock Model 26 pistol; and

a Glock Model 19x pistol, prior to exportation, knowing them to be intended for

exportation contrary to 15 C.F.R. §§ 738, 742, and 774 and the supplements thereto,

laws or regulations of the United States.

 In violation of 18 U.S.C. § 554.

### COUNT FOUR
### (Smuggling Goods from the United States)

 Beginning on or about July 25, 2022, and continuing until on or about

September 13, 2022, in the Middle District of Florida and elsewhere, the defendant,

### ERHAN JOHN ER,

did receive; conceal; buy; sell; facilitate the transportation, concealment, and sale of:

a Glock Model 30Gen4 pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a

Glock Model 27 pistol, and a Glock Model 22 pistol, prior to exportation, knowing

them to be intended for exportation contrary to 15 C.F.R. §§ 738, 742, and 774 and

the supplements thereto, laws or regulations of the United States.

 In violation of 18 U.S.C. § 554.

### COUNT FIVE
### (False Statement to a Firearms Dealer)

 On or about July 2, 2022, in the Middle District of Florida, the defendant,

### ERHAN JOHN ER,

in connection with the acquisition of the following firearm: a Glock Model 42 pistol

and a Glock Model 26, from a licensed dealer of firearms within the meaning of 18

U.S.C. ch. 44, did knowingly make a false and fictitious written statement to the

licensed, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that that he was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the actual buyer of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT SIX
### (False Statement to a Firearms Dealer)

On or about July 2, 2022, in the Middle District of Florida, the defendant,

### ERHAN JOHN ER,

in connection with the acquisition of the following firearms: two Glock Model 45 pistols and a Glock Model 19x pistol, from a licensed dealer of firearms within the meaning of 18 U.S.C. ch. 44, did knowingly make a false and fictitious written statement to the licensed, which statement was intended and likely to deceive the dealer as to a fact material to the lawfulness of such sale of the said firearm to the defendant under chapter 44 of Title 18, in that the defendant did execute a Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that that he was the actual buyer of the firearms indicated on the Form 4473, when in fact as the defendant then knew, he was not the actual buyer of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## COUNT SEVEN
### (False Statement to a Firearms Dealer)

On or about September 4, 2022, in the Middle District of Florida, the

defendant,

### ERHAN JOHN ER,

in connection with the acquisition of the following firearms: a Glock Model 30Gen4

pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a Glock Model 27 pistol,

and a Glock Model 22 pistol, from a licensed dealer of firearms within the meaning

of 18 U.S.C. ch. 44, did knowingly make a false and fictitious written statement to

the licensed, which statement was intended and likely to deceive the dealer as to a

fact material to the lawfulness of such sale of the said firearm to the defendant under

chapter 44 of Title 18, in that the defendant did execute a Department of Justice,

Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms

Transaction Record, to the effect that that he was the actual buyer of the firearms

indicated on the Form 4473, when in fact as the defendant then knew, he was not the

actual buyer of the firearms.

In violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

## FORFEITURE

1.     The allegations contained in Counts One through Seven are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. §§ 924(d)(1), 934, and 981(a)(1)(C), and 28 U.S.C. § 2461(c).

2.     Upon conviction of a violation of 18 U.S.C. § 933(a)(1), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 934, any proceeds obtained, directly or indirectly, as a result of the offense, as well as any property used, or intended to be used, to facilitate the commission of such violation, and, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of the offense.

3.     Upon conviction of a violation of 18 U.S.C. § 554, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

4.     The assets to be forfeited include, but are not limited to, the following, which were involved in the offenses: two Glock Model 45 pistols, a Glock Model 42 pistol, a Glock Model 30Gen4 pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a Glock Model 26 pistol, a Glock Model 19x pistol, a Glock Model 27 pistol, and a Glock Model 22 pistol.

5.     If any of the property described above, as a result of any act or omission of the defendant:

6

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property

pursuant to 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL,

_____

Foreperson

GREGORY W. KEHOE
United States Attorney

By: _____

Adam W. McCall
Assistant United States Attorney

By: _____

Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crimes and Racketeering Section

FORM OBD-34
August 25                                        No.

## UNITED STATES DISTRICT COURT
### Middle District of Florida
### Tampa Division

## THE UNITED STATES OF AMERICA

vs.

## ERHAN JOHN ER

## INDICTMENT

Violations: 18 U.S.C. §§ 933, 554, 922(a)(6)

A true bill,

_____
Foreperson

Filed in open court this 2nd day

of September, 2025.

_C. Reaves_____
Clerk

Bail $_____

GPO 863 525