AF Approval *TCK for JAM*                           Chief Approval <u>DFN</u>

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                            Case No.: 8:25-cr-424-MSS-LSG

ERHAN JOHN ER

### **PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Gregory

W. Kehoe, United States Attorney for the Middle District of Florida, and the

defendant, Erhan John Er, and the attorney for the defendant, Nicholas G.

Matassini, Esq., mutually agree as follows:

### A.    <u>Particularized Terms</u>

1.    <u>Count Pleading To</u>

The defendant shall enter a plea of guilty to Count One of the

Indictment.  Count One charges the defendant with conspiring to traffic firearms, in

violation of 18 U.S.C. §§ 933(a)(3) and 933(b).

2.    <u>Elements of the Offense</u>

The defendant acknowledges understanding the nature and elements of

the offense with which defendant has been charged and to which defendant is

pleading guilty.

Defendants Initials EJE

The elements of Count One are:

First:      that two or more persons, in some way or manner, came to a
            mutual understanding to try to accomplish a shared and unlawful
            plan, as charged in the Indictment; and

Second:     that the defendant, knowing the unlawful purpose of the plan,
            willfully joined in it; and

Third:      that the object of the unlawful plan was to ship, transport,
            transfer, cause to be transport, or dispose of a firearm to another
            person knowing or having reasonable cause to believe that the
            use, carrying or possession of the firearm by the other person
            would constitute a felony.

3.      Maximum Penalties

Count One carries a maximum sentence of fifteen years' imprisonment,

a fine of $250,000, a term of supervised release of three years, and a special

assessment of $100.

4.      Counts Dismissed

At the time of sentencing, the remaining counts against the defendant,

Counts Two through Seven will be dismissed pursuant to Federal Rule of Criminal

Procedure 11(c)(1)(A).

5.      No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Office for the Middle District of Florida agrees not to charge defendant with

committing any other federal criminal offenses known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

Defendant's Initials EJE          2

6.    Guidelines Sentence

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United

States will recommend to the Court that the defendant be sentenced within the

defendant's applicable guidelines range as determined by the Court pursuant to the

United States Sentencing Guidelines, as adjusted by any departure the United States

has agreed to recommend in this plea agreement. The parties understand that such a

recommendation is not binding on the Court and that, if it is not accepted by this

Court, neither the United States nor the defendant will be allowed to withdraw from

the plea agreement, and the defendant will not be allowed to withdraw from the plea

of guilty.

7.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information

is received suggesting such a recommendation to be unwarranted, the United States

will recommend to the Court that the defendant receive a two-level downward

adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The

defendant understands that this recommendation or request is not binding on the

Court, and if not accepted by the Court, the defendant will not be allowed to

withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior

to operation of subsection (a) is level 16 or greater, and if the defendant complies

with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement,

including but not limited to, the timely submission of the financial affidavit

Defendant's Initials ꓱ그ꓱ              3

referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge the defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the facts giving rise to this agreement.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, two Glock Model 45 pistols, a Glock Model 42 pistol, a Glock Model 30Gen4 pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a Glock Model 26 pistol, a Glock Model 19x pistol, a Glock Model 27 pistol, and a Glock Model 22 pistol., which the

Defendant's Initials EJE            4

defendant admits were involved in the offense to which the defendant is pleading guilty.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets

Defendant's Initials $\underline{EJE}$          5

and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to,

Defendant's Initials EJE                6

or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be

Defendant's Initials EDE                7

binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

      10.   Abandonment of Property - Firearms and Ammunition

The United States of America and the defendant hereby agree that any firearm and/or ammunition as defined in 18 U.S.C. § 921, seized from defendant and currently in the custody and/or control of Bureau of Alcohol, Tobacco, Firearms, and Explosives, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. § 924(d) and/or that the firearms and ammunition constitute evidence, contraband, or fruits of the crime to which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the firearms and ammunition to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or other appropriate agency, to cause the firearms and/or ammunition described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

Defendant's Initials E JE     8

**B.**     **Standard Terms and Conditions**

1.     Special Assessment and Fine

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.     Supervised Release

The defendant understands that the offense to which the defendant is pleading provides for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.     Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The

Defendant's Initials EJE            9

United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

     5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit

Defendant's Initials ⒠ⒿⒺ         10

reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.   Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court

Defendant's Initials ЕЈЕ          11

erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any

Defendant's Initials EJE          12

discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials E.JE    13

11.    Factual Basis

The defendant is pleading guilty because the defendant is in fact guilty. The defendant certifies that defendant does hereby admit and stipulate that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

Beginning on or about February 1, 2022, and ending no earlier than on or about September 30, 2022, the defendant, Erhan John Er, resided at Address-1 in Sarasota, within the Middle District of Florida. During this time, the defendant .worked as a commercial truck driver and transported goods by truck between the United States and Canada. Beginning in or about June 2022, the defendant agreed to purchase firearms from licensed firearms dealers located within the Middle District of Florida, transport them to Canada, and provide them to Person-1 in exchange for a $1,000 (Canadian) per each firearm transportation fee and the cost of purchasing each firearm.

It is Federal felony to deal in firearms without a license. The defendant himself intended to resell the firearms and did not have a license to do so. The defendant further knew that Person-1 intended to resell the firearms to others and knew that Person-1 did not have a license to sell firearms. Federal regulations require an export license to transport the firearms subject to the defendant's agreement with Person-1 into Canada, but the defendant did not have a license at the

Defendant's Initials  E J E                14

time that the defendant transported the firearms from the Middle District of Florida
to Canada.

### July 2, 2022 Purchases

Specifically, on or about June 30, 2022, at Firearm Store 1, a licensed
dealer of firearms located in Sarasota, within the Middle District of Florida, the
defendant purchased a Glock Model 42 pistol and a Glock Model 26. Also, on or
about June 30, 2022, at Firearm Store 2, a licensed dealer of firearms located in
Sarasota, within the Middle District of Florida, the defendant purchased two Glock
Model 45 pistols and a Glock Model 19x pistol.

On or about July 2, 2022, the defendant returned to Firearm Stores 1
and 2 to take possession of the firearms. At that time, the defendant falsely made
written statements on the Department of Justice, Bureau of Alcohol, Tobacco,
Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that
that he was the actual buyer of the firearms indicated on the Form 4473. In fact, as
the defendant then knew, he was not the actual buyer of the firearms because he had
agreed to sell them to Person-1, who, in turn, intended to resell them. Those
statements were intended and likely to deceive Firearm Stores 1 and 2 as to a fact
material to the lawfulness of the sales.

On or about July 8, 2022, the defendant crossed the border from the
United States into Canada with firearms that he purchased at Firearms Stores 1 and
2. Shortly thereafter, the defendant transferred the firearms to Person-1 in exchange

Defendant's Initials EJE                 15

for the agreed-upon fees. Canadian law enforcement later recovered those five
firearms that Er purchased on or about July 2, 2022, at crime scenes in Canada:

On or about July 27, 2022 (25 days after purchase), the Thunder Bay
Police of Ontario, Canada recovered a Glock 19X while executing a residential
search warrant that stemmed from multiple sales of cocaine and fentanyl. At the
time the police recovered it, the firearm had an obliterated serial number.
Subsequently, authorities restored the serial number and confirmed that Er
purchased it on or about July 2, 2022.

On or about December 11, 2022 (162 days after purchase), the Durham
Regional Police Service of Ontario, Canada recovered a Glock 26 while investigating
a Firearm Possession Offense. At the time the police recovered it, the firearm had an
obliterated serial number. Subsequently, authorities restored the serial number and
confirmed that Er purchased it on or about July 2, 2022.

On or about May 10, 2023 (312 days after purchase), the Quebec
Provincial Police recovered a Glock 45 while investigating a homicide. At the time
the police recovered it, the firearm had an obliterated serial number. Subsequently,
authorities restored the serial number and confirmed that Er purchased it on or about
July 2, 2022.

On or about October 26, 2023 (481 days after purchase), the York
Regional Police of Ontario, Canada recovered a Glock 42 while investigating a
robbery. At the time the police recovered it, the firearm had an obliterated serial

Defendant's Initials E)E                16

number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about July 2, 2022.

On or about June 30, 2024 (729 days after purchase), the Hamilton Police Service of Ontario, Canada recovered a Glock 49 while investigating a homicide. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about July 2, 2022.

### September 4, 2022 Firearms Purchases

On or about July 25, 2022, the defendant ordered firearms online from Firearm Store 3, a licensed dealer of firearms located in Naples, within the Middle District of Florida. The defendant purchased, among other firearms, a Glock Model 30Gen4 pistol, a Glock Model 36 pistol, a Glock Model 19x pistol, a Glock Model 27 pistol, and a Glock Model 22 pistol. On or about September 4, 2022, the defendant returned to Firearm Store 3 to take possession of the firearms. At that time, the defendant falsely made written statements on the Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives form 4473, Firearms Transaction Record, to the effect that that he was the actual buyer of the firearms indicated on the Form 4473. In fact, as the defendant then knew, he was not the actual buyer of the firearms because he had agreed to sell them to Person-1, who, in turn, intended to resell them. Those statements were intended and likely to deceive the dealer as to a fact material to the lawfulness of the sales.

Defendant's Initials $\underline{E\,)\,E}$     17

Also, on or about July 25, 2022, the defendant attempted to place an online order for sixteen Glock firearms from Firearms Store 4, a licensed dealer of firearms located in Fort Myers, within the Middle District of Florida. Firearms Store 4 did not fill that order because the defendant did not live near Fort Myers and Glocks are not typically collected.

On or about July 26, 2022, the defendant attempted to purchase four Century Arms, Mini Draco 7.62X39 mm semiautomatic firearms online from Firearms Store 5, a licensed dealer of firearms located in Naples, within the Middle District of Florida. That attempted purchase was flagged as suspicious and never took place.

On or about September 13, 2022, the defendant crossed the border from the United States into Canada with the firearms that he purchased at Firearms Store 3. Shortly thereafter, the defendant transferred the firearms to Person-1 in exchange for the agreed-upon fees. Canadian law enforcement later recovered five of the firearms that Er purchased on or about September 4, 2022, at crime scenes in Canada:

On or about April 22, 2023 (230 days after purchase), the Halton Police Service of Ontario, Canada recovered a Glock 19X while investigating a Firearm Possession Offense. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about September 4, 2022.

Defendant's Initials EJE                        18

On or about July 4, 2023 (303 days after purchase), the Toronto Police Service recovered a Glock 36 while investigating a Firearm Possession Offense. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about September 4, 2022.

On or about October 4, 2023 (395 days after purchase), the Ontario Provincial Police recovered a Glock 30Gen4 while investigating a Firearm Possession Offense. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about September 4, 2022.

On or about October 14, 2024 (771 days after purchase), the Toronto Police Service recovered a Glock 22 while investigating a Firearm Possession Offense. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about September 4, 2022.

On or about November 11, 2024 (799 days after purchase), the Toronto Police Service recovered a Glock 27 while investigating a Discharge of a Firearm Offense. At the time the police recovered it, the firearm had an obliterated serial number. Subsequently, authorities restored the serial number and confirmed that Er purchased it on or about September 4, 2022.

Defendant's Initials EJE          19

Beginning in or about June 2022 and ending no earlier than September 2022, the defendant, Erhan John Er, knowingly conspired and agreed with Person-1 and others to ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in or otherwise affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, and possession of a firearm by the recipient would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

The above is merely a brief summary of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all of the events, persons involved, or other information relating to this case.

Defendant's Initials E.J.E                    20

12.    Certification

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this ___8___ day of _December_, 2025.

GREGORY W. KEHOE
United States Attorney

Erhan John Er
Defendant

Adam W. McCall
Assistant United States Attorney

Nicholas G. Matassini, Esq.
Attorney for Defendant

for Diego F. Novaes
Assistant United States Attorney
Deputy Chief, Violent Crimes &
Racketeering Section

21